UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMERICAN SIGNAL CO.

CIVIL ACTION

VERSUS

NO. 04-100-JJB-SCR

TOOMER ELECTRIC CO., INC.
ET AL.


**RULING ON DEFENDANT TOOMER'S MOTION FOR SUMMARY JUDGMENT
AND COLLECTIVE DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT**


Before the Court is a motion filed by Toomer Electric Company, Inc. ("Toomer") for summary judgment. (Doc. 124.)  Additionally, Toomer, Diamond Electrical Company, Inc. ("Diamond"), and Fidelity and Deposit Company of Maryland ("F&D"), collectively referred to as ("defendants"), filed a motion for partial summary judgment based on accord and satisfaction (doc. 127.) American Signal Company ("plaintiff") opposed both motions.  (Docs. 133, 132.) Toomer replied to plaintiff's summary judgment opposition.  (Doc. 135.) Defendants replied to plaintiff's partial summary judgment opposition.  (Doc. 136.)  This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.  After careful review of the aforementioned filings, the Court hereby ORDERS oral argument on Toomer's summary judgment motion.  (Doc. 124.)  Additionally, the Court DENIES defendants' motion for partial summary judgment for the reasons stated herein, and ORDERS oral argument regarding whether plaintiff is entitled to attorneys' fees.

1

## **Background**

This dispute arises out of a construction project for the Alabama Department of Transportation ("ALDOT").  ALDOT contracted with Toomer as the general contractor on a project to provide Dynamic Messaging Signs and Controllers ("the DMS system") for a public works project in Tuscaloosa.  Toomer in turn subcontracted various aspects of the project to Diamond.  Diamond then issued a purchase order in January 2002 to plaintiff for the DMS system.  F&D was the payment bond surety on the project.

Subsequent to the purchase order, in August 2003, Toomer approved a change order to the original purchase order.  Diamond made a partial payment to plaintiff in the amount of $355,500.00 in December 2003.  In February 2004, plaintiff sued Diamond, Toomer, and F&D alleging that defendants owed plaintiff more money for its work on the project.  In April 2004, Toomer entered into a written escrow agreement ("Agreement") with plaintiff.  The full escrow amount, $280,600.00, was then released and paid to plaintiff.  Plaintiff claims that the Agreement did not include the purchase order and other associated expenditures.[1]  Plaintiff also claims that it is entitled to attorneys' fees under Louisiana and Alabama law.  Defendants argue that the Agreement was a full and complete settlement of all plaintiff's claims.  Defendants also contest plaintiff's right to attorney fees.

---

[1] These expenditures include: training costs, delivery charges, storage, maintenance, security and insurance.  *See* Hart Aff. ¶¶ 10-16.

2

## Summary Judgment

Summary judgment is appropriate when the pleadings, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party may move for summary judgment on all or part of the claim.  Fed. R. Civ. P. 56(a).

Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, plaintiff may not merely rest on allegations set forth in its pleadings.  Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden.  *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  If, once plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted.  *See Celotex,* 477 U.S. at 322; *see also* Fed. Rule Civ. P. 56(c).

## Analysis

Toomer's Argument That Plaintiff Waived the Detrimental Reliance Claim

Toomer argues that it is entitled to summary judgment on the change order and associated expenditures because Toomer and plaintiff are not in contractual

privity.[2]   Plaintiff counters that contractual privity is irrelevant to plaintiff's recovery because of plaintiff's detrimental reliance claim.[3]   "To prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract."  *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 907 So. 2d 37, 59 (La. 4/12/05).  Toomer replies that plaintiff is estopped from bringing a detrimental reliance claim because plaintiff omitted that claim from the pre-trial order.[4]

Toomer correctly states the general rule that claims or issues not raised in the pre-trial order are deemed waived even if those claims appear in the complaint.  *See* Fed. R. Civ. P. 16; *see also Flannery v. Carroll*, 676 F.2d 126, 129-30 (5th Cir. 1982), *and Pac. Indem. Co. v. Broward County*, 465 F.2d 99, 103-04 (5th Cir. 1972).   However, Toomer understates the Court's broad discretion in granting leave to modify the pretrial order "to prevent manifest injustice."  Fed. R. Civ. P 16(e).  Courts have looked to the circumstances surrounding the parties' actions to determine whether manifest injustice exists.[5] For example, in *Flannery*, the court affirmed plaintiff's waiver based on specific acts, such as plaintiff's omission of the claim in its solo drafting of the pretrial order and plaintiff's failure to mention the claim when expressly asked by the judge about plaintiff's theory of the case.  676 F.2d at 130.  The court stated that

---

[2] *See* Toomer's Mem. in Supp. of Mot. for Summ. J. 2-3.  *See also* this Court's April 1, 2009, ruling dismissing Toomer's counterclaim and finding no contractual privity between plaintiff and Toomer.  (Doc. 112.)
[3] Pl's Opp. to Toomer's Mot. for Summ. J. 4-5.
[4] Toomer's Reply Mem. 2.
[5] *See, e.g., Valley Ranch Dev. Co., Ltd. v. F.D.I.C*, 960 F.2d 550, 554 (5th Cir. 1992); *Flannery*, 676 F.2d at 130; *Pac. Indem. Co.*, 465 F.2d at 103.

4

these acts "give rise to [an] inference of purposeful exclusion." *Id.* Similarly, in *Valley Ranch Development Co., Ltd. v. F.D.I.C.*, 960 F.2d 550, 554 (5th Cir. 1992), the court listed a set of facts showing that the plaintiff left claims out of the pretrial order either intentionally or with extreme recklessness.

Here, however, the record is silent regarding plaintiff's omission. Toomer raises waiver for the first time in its reply and plaintiff does not explain the omission in its opposition. Furthermore, Toomer offers no evidence of additional discovery needed or of undue prejudice that might result if the Court allows the detrimental reliance claim to proceed. Therefore, the Court reserves ruling on Toomer's motion and orders oral argument on these issues to determine whether manifest injustice will result from exclusion of the detrimental reliance claim.

Defendants' Motion for Partial Summary Judgment Based on Accord and Satisfaction

Defendants argue that the Agreeement settled and extinguished plaintiff's claims through accord and satisfaction. Accord and satisfaction is an affirmative defense on which the asserting party bears the burden of proof. *Reily Elec. Supply, Inc. v. Hollenberg*, 535 So. 2d 1321, 1323 (La. Ct. App. 1988). To establish accord and satisfaction the defendants must show: (1) An unliquidated or a disputed claim; (2) a tender by the debtor in full satisfaction of the claim; and (3) an acceptance of the tender by the creditor. *See Davis-Wood Lumber Co. v. Farnsworth & Co.*, 171 So. 622, 625 (La. Ct. App. 1937); *and Reily Elec. Supply,*

*Inc.*, 535 So. 2d at 1323.  In cases where applicability of accord and satisfaction is in doubt, it will be denied.  *Reily Elec. Supply, Inc.*, 535 So. 2d at 1323.

Here, the first element is met because the parties dispute whether monies are still owed to plaintiff for the change order and associated expenditures. Likewise, the third element is met because the Agreement resulted in a payment of $280,600 to plaintiff, and plaintiff acknowledges receipt of that tender. Therefore, the only remaining issue is whether the payment to plaintiff constituted a full settlement of plaintiff's claim.

Defendant argues that the disputed monies were "unquestionably incorporated" into the Agreement because the Agreement states that the $280,600 is for the "entire contract balance," and plaintiff signed the Agreement knowing that the change order and associated expenditures were still disputed sums.[6]  Plaintiff counters that the Agreement did not include payment for the change order and associated expenditures, and that plaintiff had no intention of waiving any claims by accepting payment under the terms of the Agreement.[7]  In support, plaintiff argues that the Agreement does not expressly state that it is a settlement of all plaintiff's claims nor is the Agreement mathematically linked to the change order and associated expenditures.[8]

Louisiana courts liken accord and satisfaction to the common law doctrine of compromise.  *Reily Elec. Supply, Inc.*, 535 So. 2d at 1323.  Essential to

---

[6] *See* Toomer's Mem. in Supp. of Mot. for Summ. J. 3-5.
[7] Opp'n to Defs.' Joint Mot. for Partial Summ. J. 4.
[8] *Id.* 5-6.

6

compromise is whether the parties reconcile their differences by "mutual consent." *Id.* Moreover, determination of whether consent is fully informed and thus binding on the creditor (here, the plaintiff) is a question of fact to be resolved by the trier of fact. *See Fishbach and Moore, Inc. v. Cajun Elec. Power Coop., Inc.*, 799 F.2d 194, 198 (5th Cir. 1986); *Reily Electrical Supply, Inc.*, 535 So. 2d at 1323. Because each party alleges facts supporting its arguments, the Court finds the issue of whether the parties intended the Agreeement to be a full settlement of plaintiff's claims is a genuinely disputed material fact. Therefore, defendants' motion for summary judgment is DENIED.

Plaintiff's Argument Regarding Attorneys' Fees

Plaintiff argues that it is entitled to attorneys' fees under the Louisiana Prompt Pay Act or, alternatively, under the surety bond requirements of the State of Alabama.[9] Defendant counters that Louisiana law is inapplicable in this case, and that even if Louisiana law applies, plaintiff is not entitled to recover attorney fees under the Louisiana Prompt Pay Act. Because these arguments involve issues surrounding choice of law and statutory bases for the attorney fee entitlement that were not adequately briefed, the Court orders oral argument on these issues.

---

[9] *Id.* 7-8.

**<u>Conclusion</u>**

In summary, because factual and legal issues remain unaddressed involving plaintiff's omi ssion of its detrimental reliance claim and defendants' arguments against attorney fee entitlement, the Court ORDERS oral argument at 2:30pm on Wednesday, October 28, 2009.  For the reasons stated above, defendants' motion for partial summary judgment is DENIED.

Signed in Baton Rouge, Louisiana, this 15th day of October 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT O LOUISIANA**